UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| DENNIS PENNINGTON and SHARON PENNINGTON, Co-Administrators of the Estate of STACEY PENNINGTON, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., <br><br> Defendants. | Civil Action No. 5:06-239-JMH <br><br><br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

Before the Court are the parties' cross-motions for summary judgment [Record Nos. 25, 28]. Both parties have responded to each other's motions, and this matter is ripe for review.

## I. BACKGROUND

On July 10, 2004, Stacey Pennington, the daughter of Plaintiffs Dennis and Sharon Pennington, was killed in an automobile accident when Sidney Walker, who was driving his motorcycle while intoxicated, disregarded a traffic signal and collided with her 1995 Ford Mustang. Walker was insured by Progressive Insurance Company, who settled the wrongful death claim against him for its $50,000 bodily injury limits. Dennis and Sharon Pennington then asserted a claim on behalf of Stacey Pennington's estate for underinsured motorist benefits under their policy issued by State Farm Automobile Insurance Company.

1

At the time of the accident, the Penningtons had five automobile policies and one motorcycle policy with State Farm. The Penningtons purchased underinsured motorist (UIM) coverage on only one policy, a 1999 Oldsmobile van. According to the policy's declarations page, they paid $90.72 for coverage limits of $100,000 per person/$300,000 per accident. At the time the Penningtons purchased the policies, the one-driver premium for one unit of 100/300 UIM coverage was $33.60; the two-driver rate was $60.48; and the three-plus-driver rate was $90.72.[1]

On November 15, 2004, the Penningtons and State Farm agreed to a Release and Reservation of Rights to Other Claims (the "Release"). In exchange for $100,000, representing payment of one unit of UIM coverage, the Penningtons agreed to release State Farm from all claims arising out of Stacey Pennington's death except "any and all other actual or potential claims against State Farm for payment of additional underinsured motorist coverages under its automobile policies."

On July 10, 2006, the Penningtons filed this action in Scott County Circuit Court, seeking to recover two additional units of UIM coverage, full PIP/BRB coverage, and damages for unfair claims

---

[1] State Farm describes this particular policy as 100/300 UIM coverage even for one or two drivers, *see Memorandum Of Law In Support Of State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment* [Record No. 25] at 3. However, the $300,000 per accident limit is meaningless unless there are at least three drivers on the policy, since the coverage limits are $100,000 per person.

practices/bad faith. The case was removed to this Court on July 27, 2006.

## II. APPLICABLE LAW

*A. Standard of Review*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Pursuant to Federal Rule of Civil Procedure 56(e), the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). "If, under the governing law, the outcome would be the same regardless of how a factual dispute is resolved, the dispute is no bar to summary

judgment." *Pharakhone v. Nissan N. Am., Inc.*, 324 F.3d 405, 407 (6th Cir. 2003).

When determining whether there is enough evidence to overcome summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). The Court must not weigh the evidence, but must decide whether there are genuine issues for trial. *Anderson*, 477 U.S. at 249.

*B.  Stacking of Underinsured Motorist Policies*

Beginning in 1990, the Kentucky Supreme Court decided a number of cases in favor of stacking uninsured and underinsured motorist policies. *See Hamilton v. Allstate Ins. Co.*, 789 S.W.2d 751 (Ky. 1990), *Chaffin v. Kentucky Farm Bureau Ins. Co.*, 789 S.W.2d 754 (Ky. 1990), *Allstate Ins. Co. v. Dicke*, 862 S.W.2d 327 (Ky. 1993). In holding that anti-stacking provisions were void with regard to uninsured and underinsured motorist insurance, the court relied on "the personal nature of uninsured motorist coverage, the reasonable expectation that payment of separate premiums results in separate coverages, and the public policy against deprivation of purchased coverage, particularly when the offer of such is required by statute." *Dicke*, 862 S.W.2d at 328.

Cases involving stacking of insurance policies "have been decided on the basis of an objective analysis of separate policy

4

items and the premiums charged for each."  *Estate of Swartz v. Metropolitan Property & Casualty Co.*, 949 S.W.2d 72, 75 (Ky. App. 1997).  "[T]he deciding factor is not what the individual insured knew, read, or expected, but what he or she actually paid for UIM coverage and the manner in which the insurance company calculated and billed the premium."  *Id.*  "[I]t is the payment of separate premiums for multiple items of the same 'personal' insurance coverage that gives rise to the concept of stacking."  *Id.* at 76.

### III. ANALYSIS

In 1997, the Kentucky Court of Appeals held that "an insured could stack UIM coverage under a policy which, while ostensibly charging a single premium for the protection, in fact based the premium on the number of vehicles insured."  *Marcum v. Rice*, 987 S.W.2d 789, 790-91 (Ky. 1999) (citing *Estate of Swartz*, 949 S.W.2d at 72-73).  At the time, the Court of Appeals also observed that "an insurance company could, through the calculation and adoption of an actuarially appropriate premium, charge an insured a single UIM fee *regardless of the number of vehicles covered under the policy*, entitling that insured to only one unit of UIM protection."  *Estate of Swartz*, 949 S.W.2d at 77.  The issue currently before this Court, whether an insurance company can charge greater UIM premiums based on the number of insureds on a policy without being exposed to stacking, is a matter of first impression.

The insurance company obviously charged "separate" premiums in the guise of one lump sum because it multiplied the premium based on the number of insured. *See id.* at 72-73. However, the Court does not believe stacking is appropriate under the facts of this case because the Penningtons already received additional coverage for the additional premium. As observed earlier, a $300,000 per accident coverage limit is meaningless if an individual is insured up to only $100,000 per person. *See infra* n.1. Therefore, the Penningtons (and other similarly-situated insureds) effectively received greater per accident coverage in return for the increased premiums. If the Penningtons were entitled to three separate units of 100/300 UIM coverage, they would receive a windfall. To wit, if the entire family was involved in one accident and was entitled to three separate units of coverage, they would be entitled to recover up to $900,000, nine times more than one individual with one unit of coverage could receive under the $100,000 per person limitation. This would be a windfall because the Pennington's premium was only 2.7 times greater than what the individual would have paid.

Premiums calculated based on the number of insured differ from premiums calculated based on the number of vehicles because UIM coverage is personal to the insured. The Court finds that, even though the Penningtons paid more than an individual or a two-person family, they already received additional coverage for that premium.

6

The Penningtons have also stated claims for PIP benefits and damages for bad faith. Pursuant to the Release, the Penningtons have waived all claims except those involving the additional units of UIM coverage. Therefore, these claims should also be dismissed.

For the foregoing reasons,

**IT IS HEREBY ORDERED**,

(1) That State Farm's motion for summary judgment [Record No. 25] be, and the same hereby is, **GRANTED**.

(2) That the Penningtons' motion for summary judgment [Record No. 28] be, and the same hereby is, **DENIED**.

(3) That the Penningtons' claims be, and the same hereby are, **DISMISSED WITH PREJUDICE**.

This the 11th day of July, 2007.



**Signed By:**
*Joseph M. Hood*
**United States District Judge**